Chester T. LANE, Jr., Plaintiff,

v.

LOCAL BOARD NO. 17 (Selective Service System, Cambridge, Massachusetts, composed of members Oscar Burrows, Gerard Verrier, Joseph Downes, Arthur N. Ashley and George Pierce), Defendant.

Civ. A. No. 70–913–G.

United States District Court,
D. Massachusetts.

Aug. 4, 1970.

James P. Lynch, Nutter, McClennen & Fish, Boston, Mass., for plaintiff.

George Higgins, Asst. U. S. Atty., for defendant.

## MEMORANDUM AND PERMANENT INJUNCTION

GARRITY, District Judge.

Plaintiff, Chester T. Lane, was advised on June 18, 1970 by the defendant, Local Draft Board No. 17, that on July 14, 1970 he was to report for induction into the armed services. On July 10 he filed this action seeking pre-induction judicial review of the validity of the Local Board's actions in connection with his request for reclassification as a conscientious objector.[1] Jurisdiction was invoked under 28 U.S.C. §§ 1331 and 1361. It was alleged that the matter in controversy exceeded $10,000. At oral argument defendant waived any challenge based on a lack of the jurisdictional amount.

Plaintiff, who was born on January 21, 1947, was first classified I-A by his Local Board on October 20, 1965. Because he was attending college he was reclassified II-S on December 7, 1965, with annual renewals until June 10, 1969. On that date he was again classified I-A. On November 19, 1969 he was sent an order to report for induction on December 2, 1969. At this time plaintiff was attending graduate school and on November 23, 1969 he wrote his Local Board requesting postponement of his induction until the

completion of the academic year in June of 1970. On November 28 the Local Board sent him Selective Service Form No. 264 advising him that his order to report was postponed until June of 1970.[2]

On March 5, 1970 Lane requested Selective Service Form No. 150. This is the form used by registrants claiming exemption from the armed services by reason of conscientious objection. The completed form was returned to the Local Board, along with supporting documents, on April 13, 1970. In his application the plaintiff stated that his beliefs did not mature or crystallize until after he received his notice for induction. In his transmittal letter plaintiff requested that the Local Board reopen his classification and consider his claim as a conscientious objector.

By letter dated May 28, 1970 the Local Board scheduled a personal appearance for plaintiff before it on June 9, 1970. On that date the plaintiff appeared and answered questions concerning the beliefs and views he expressed in his application for exemption. On June 12, 1970 the Board mailed plaintiff a letter advising him that "it was the recent decision of this local board to decline your recent request for Class 1–O." He was further advised that he could expect a new induction date in the near future. On June 18, 1970 he was sent notice that he was to report for induction on July 14. Although the Board did not specifically advise Lane that it had refused to

---

1. On July 13, 1970, after hearing counsel for both parties and receiving the Selective Service file in evidence, the court granted plaintiff's motion for a temporary restraining order enjoining plaintiff's induction pending hearing on his application for a preliminary injunction. At this hearing, counsel agreed that no further evidence would be offered and the case was ripe for determination on the merits. Both parties filed briefs.

2. 32 C.F.R. § 1632.2(a) provides *inter alia* that a State Director of Selective Service "may, for good cause * * * postpone the induction of a registrant until such time as he may deem advisable." On October 6, 1969 the State Director for

Massachusetts issued Selective Service Circular No. 3–69 stating in part, "If a registrant is pursuing satisfactorily a full time post-baccalaureate course when he is mailed an Order to Report for Induction (SSS Form 252) the State Director requests that his induction be postponed until the end of his academic year." Hence the postponement of plaintiff's induction was pursuant to the State Director's request and valid although beyond the 120 day limit on postponements by local boards. It follows that the subsequent conduct of the plaintiff and the Board must be viewed as occurring *after* a valid notice of induction was sent out. Cf. United States v. Westphal, D. So. Dakota, 1969, 304 F.Supp. 951, 953.

reopen his classification, see 32 C.F.R. § 1625.4, and although the language of the letter sent him is somewhat equivocal, refusal to reopen is alone consistent with the subsequent handling of his case. For had the Board actually reopened Lane's classification, then it would automatically have had to consider his classification anew as if he had never been classified, 32 C.F.R. § 1625.11, mail him a notice of classification (SSS Form No. 110) once it was redetermined, 32 C.F.R. § 1625.12, and provide him a right of appeal, 32 C.F.R. § 1625.13. None of this was done.

Plaintiff has contended that there was a *de facto* reopening of his classification because of the scheduling of a personal appearance and the questioning of plaintiff and apparent consideration of his claim on the merits. This contention is rejected. In the court's opinion, a finding of a *de facto* reopening is precluded by the regulatory proviso that *after* a registrant has been mailed an order to report for induction his classification "shall not be reopened * * * unless the local board first *specifically* finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." (Emphasis added.) 32 C. F.R. § 1625.2. Cases in which federal courts have found *de facto* reopenings, e.g., United States v. Westphal, *supra,* Miller v. United States, 9 Cir., 1967, 388 F.2d 973, have involved situations where there were no valid outstanding induction notices and are inapposite.

Plaintiff alleges that he is a conscientious objector, that his conscientious opposition to war matured and crystallized during the months of the postponement of his order to be inducted, that prior to induction but subsequent to the issuance of an induction notice he presented to his local board a prima facie claim for reclassification as a conscientious objector, and that his local board denied him due process in failing to reopen his classification.

Under 32 C.F.R. § 1625.2 a local board may reopen the classification of a registrant if it is presented with facts not considered when the registrant was classified which, if true, would justify a change in his classification. On the other hand, when in the opinion of the Board no new facts are presented or when the facts presented even if true would not justify a change in classification, then the Board need not reopen. 32 C.F.R. § 1625.4. However, as already mentioned, if the reclassification is sought after an order to report for induction has been mailed, then the Board must first specifically find that the basis for seeking the reclassification was induced by circumstances beyond the registrant's control. 32 C.F.R. § 1625.2.

If for any of the above reasons the Board refuses to reopen a classification, the registrant has no right to a personal appearance or an appeal. If the Board does reopen and then subsequently reclassifies, it is a new classification, and even if the registrant is placed in the same classification as before, the new classification allows a right of appearance before the local board and the right of an appeal as in the case of an original classification. 32 C.F.R. § 1625.13.

The United States Supreme Court has recently said that because a refusal to reopen a classification denies a registrant an opportunity for an administrative appeal from the rejection of his claim, an improper refusal wrongfully deprives him of an essential procedural right. Mulloy v. United States, 1970, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362. It therefore held that where a prima facie case for reclassification has been made, the Board may not deprive the registrant of an administrative review by simply refusing to reopen his file, stating:

"Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his Board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the Board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable in-

formation in the registrant's file. See United States v. Burlich, D.C., 257 F.Supp. 906, 911. For in the absence of such refutation there can be no basis for the Board's refusal to reopen except an evaluative determination adverse to the registrant's claim on the merits. And it is just this sort of determination that cannot be made without affording the registrant a chance to be heard and an opportunity for an administrative appeal." Mulloy v. United States, *supra* 416, 90 S.Ct. 1771.

There are two major factors distinguishing the instant case and the *Mulloy* case. First, Mulloy's request for reclassification preceded any notice to report for induction. Therefore the Board's ability to reopen his file did not depend upon a prior specific finding that the alleged change in his status was due to circumstances beyond his control. Secondly, in the *Mulloy* case the review of the validity of the Board's actions occurred after Mulloy was convicted for the crime of refusing to submit to induction. Here the plaintiff is seeking in a civil action pre-induction relief from the Board's refusal to reopen his file.

■ This latter distinction brings into play § 10(b) (3) of the Selective Service Act of 1967, which provides that "No judicial review shall be made of the classification or processing of any registrant * * * except as a defense to a criminal prosecution after the registrant has responded either affirmatively or negatively to an order to report for induction." 50 App. U.S.C. § 460(b) (3). Although by its literal terms § 10(b) (3) might seem to preclude any pre-induction judicial review of board proceedings, such a reading was rejected in Oestereich v. Selective Service System Local Board, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L. Ed.2d 402. In that case pre-induction review was warranted despite § 10(b) (3) because "the delinqency procedure by

which the registrant was reclassified was without statutory basis and in conflict with petitioner's rights explicitly established by the statute and not dependent upon an act of judgment by the board." Clark v. Gabriel, 1968, 393 U.S. 256, 258, 89 S.Ct. 424, 426, 21 L.Ed.2d 418. In the *Clark* case, decided the same day as *Oestereich,* pre-induction judicial review of a board's decision denying a registrant conscientious objector status was precluded because that decision inescapably involved a determination of fact and an exercise of judgment in an area where there was no doubt that the Board had statutory authority to take the type of action that was challenged. Clark v. Gabriel, *supra* at 258, 89 S.Ct. 424. Thus, jurisdiction to entertain a particular pre-induction claim depends on whether the Board's action is challenged as lawless because without statutory basis as in *Oestereich, supra,* and Breen v. Selective Service Local Board, 1970, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, or simply as improper because an erroneous determination of a matter over which the Board has authority to decide as in Clark v. Gabriel, *supra.* See Bowen v. Hershey, 1 Cir., 1969, 410 F.2d 962; Hunt v. Local Board No. 197, 3 Cir., 1970, 423 F.2d 576.

■ In light of Mulloy v. United States, *supra,* it is clear that a draft board does not have authority to refuse to reopen a registrant's file upon presentation of a prima facie case for reclassification.[3] Since we hold, for reasons given below, that this is the law even as to requests for reclassification as a conscientious objector filed after a notice to report for induction, and since Local Board No. 17 may have refused to reopen Lane's file despite awareness that he had presented a prima facie claim, then § 10(b) (3) is no bar to an injunction preventing his induction at least until the Board makes clear that its refusal to reopen his file is based on a

3. This should not be confused with the authority the Board does have to determine

whether or not any particular claim amounts to a prima facie claim.

determination within its authority to make.[4]

[4] Plaintiff's request for reclassification came after he was sent a notice to report for induction. If his claim indicated that his conscientious objection to war had crystallized prior to his notice for induction, then his request to reopen would be untimely. Since it could have been raised before the notice to report, only his own lack of diligence would be responsible for the Board's refusal to reopen his file. See United States v. Powers, 1 Cir., 1969, 413 F.2d 834; United States v. Walker, 1 Cir., 1970, 424 F.2d 1069. However, "when a claim of conscientious objection, raised for the first time after receipt of an induction notice, is based on a claim which had not previously matured. * * * it would be improper to conclude that an individual is not a genuine conscientious objector merely because his beliefs did not ripen until after he received his notice.' United States v. Gearey, 2 Cir., 1968, 368 F.2d 144, 149–150. Under these circumstances a claim to reclassification as a conscientious objector is not untimely simply because interposed after a notice to report for induction. Moreover, the crystallization of such beliefs would be "a change in the registrant's status resulting from circumstances over which the registrant had no control," 32 C.F.R. § 1625.2, and thus would justify the Board's reopening of the registrant's file. See United States v. Gearey, supra. Contra Ehlert v. United States, 9 Cir. 1970, 422 F.2d 332.

Once the reopening is justified then there is nothing to distinguish a request for reopening made prior to the notice of induction and one made after the notice. There is therefore no reason for failing to apply the rationale of Mulloy v. United States, supra, to both situations. See generally Pre-induction Availability of the Right to Claim Conscientious Objector Exemption, 1963, 72 Yale L.J. 1459.

The plaintiff's request for reclassification indicated that his beliefs did not ripen until after he was sent the notice to report for induction. He also presented a complete and well-documented application for exemption as a conscientious objector. After scheduling an appearance and questioning plaintiff, the Board denied without explanation his request for conscientious objector status. There are various grounds upon which a Board may be authorized to refuse to reopen a file under these circumstances, e.g., if it appears that the beliefs actually ripened prior to an induction notice, see United States v. Stafford, 2 Cir., 1968, 389 F.2d 215; if the claim is plainly incredible or insufficient on its face to warrant reclassification or already passed upon or conclusively refuted by other information in the file, see Mulloy v. United States, supra, 398 U.S. 418 n. 7, 90 S.Ct. 1772. These are all determinations which the Board is authorized to make.

However, the Board in the instant case may have decided that since plaintiff's request was subsequent to his notice for induction, it need not reopen his file even if he presented a prima facie case of conscientious objection maturing after notice, or even if he did present such a claim it could make a determination on the merits after an appearance without having to reopen his file and afford him the right of an administrative appeal. This the board is not authorized to do.

Wherefore the court hereby enjoins Oscar Burrows, Gerard Verrier, Joseph Downes, Arthur N. Ashley and George Pierce, members of Local Board No. 17, from inducting Chester T. Lane until and unless it first decides either that his claim matured prior to his notice to report or that his claim when consider-

---

4. The court need not consider whether or not plaintiff has presented a prima facie case. That is for the Board to do. Nor is the court confronted with the question whether there can be pre-induction review of a determination by a Board that a prima facie case has not been presented. See Hunt v. Local Board No. 197, supra.

ed with other information in his file does not present a prima facie case warranting consideration on the merits. Failing either of these determinations, the Board is enjoined from inducting Lane until after it has reopened his file and afforded him the procedural rights that follow such reopening. It is so ordered.