William Lane BABCOCK, Jr., Plaintiff,

v.

LOCAL BOARD NO. 5 for the STATE OF DELAWARE, Selective Service System, Composed of Howard F. Dobson, Chairman, Horace H. Ulmer, Member, Gilbert J. Sloan, Member, John R. Doherty, Jr., Member and George F. Dunn, Member, Clifford E. Hall, State Director of Selective Service for the State of Delaware, and Curtis W. Tarr, Director of Selective Service, Defendants.

Civ. A. No. 4026.

United States District Court,
D. Delaware.

Dec. 29, 1970.

Alfred J. Lindh, of Taylor, Lindh & Paul, Wilmington, Del., for plaintiff.

F. L. Peter Stone, U. S. Atty., Norman Levine, Asst. U. S. Atty., Wilmington, Del., for defendants.

OPINION

STAPLETON, District Judge.

Plaintiff is a registrant under the Selective Service Act. On June 18, 1969, after having had a student deferment during college, plaintiff was reclassified I-A by his draft board, Local Board No. 89 in the State of Louisiana. On November 25, 1969, Local Board No. 89 ordered the plaintiff to report for induction on December 8, 1969. His induction was postponed by subsequent orders until the issuance of the pending order to report for induction on December 4, 1970. Plaintiff currently resides in Delaware and jurisdiction over him for the purpose of his induction has been transferred to Local Board No. 5 in the State of Delaware.

On June 5, 1970, plaintiff mailed to Local Board No. 89 an application for a reclassification from class I-A to class I-O on Selective Service Form 150. The facts set forth in said application were such as would demonstrate, if believed and unrebutted, that plaintiff is a conscientious objector and that his conscientious objection matured and crystallized after the issuance and receipt of the November 25, 1969 order to report for induction. Local Board No. 89 afforded plaintiff two opportunities to appear before it before considering whether to reopen his classification, but plaintiff was then working in Maine and did not avail himself of these opportunities. The Board, at a meeting held on September 23, 1970, considered plaintiff's application to reopen his classification and declined to grant that application. A three page memorandum, signed by the members of the board, was inserted in plaintiff's file explaining the board's reasons for declining the application. This memorandum concluded:

"For the reasons stated herein, this board cannot accept the sincerity of registrant's claim to Conscientious Objection to Military Service. I-A classification is continued under 1626.2(b) SSR."

By letter of September 24, 1970, the board informed plaintiff as follows:

"This is to advise that the Local Board met on 23 September 1970 and your entire was reviewed and the reopening of your classification was not warranted." (sic.)

Plaintiff was not mailed a copy of the board's memorandum.

Plaintiff filed this action on December 2, 1970 seeking an order staying the induction order of Local Board No. 5 and declaring that plaintiff may not be ordered to report for induction into the Armed Services unless and until plaintiff's classification is reopened and his application for reclassification is considered on the merits in accordance with the law and the facts. Plaintiff immediately moved for a temporary restraining order. Pursuant to an agreement between the parties, plaintiff's induction was deferred until December 30, 1970 in order to allow time to obtain plaintiff's selective service file from Louisiana. The case is now before the Court on plaintiff's motion for a preliminary injunction. The record consists of plaintiff's verified pleadings and his entire selective service file from Local Board No. 89. The verified complaint alleges that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1361.

Plaintiff challenges the pending induction order on three grounds. He argues (1) that his prima facie showing that he is entitled to an I-O classification and that his beliefs matured after the issuance of his order to report for induction required the board to reopen his classification as a matter of law, (2) that the Board's memorandum demonstrates that its conclusion of insincerity had no basis in fact and, on the contrary, that the board's denial of his application resulted from the fact that the board disagreed with his political and moral beliefs, and (3) that the board's failure to communicate to him the reasons for the denial of his application and the fact that he was erroneously advised that an appeal would lie from an adverse decision on his application resulted in a denial of due process.

■ The availability of preliminary injunctive relief depends upon four criteria:

(1) Irreparable harm to the petitioner unless preliminary relief is granted;

(2) Absence of substantial harm to other interested parties;

(3) Absence of harm to the public interest; and

(4) A likelihood that the petitioner will prevail on the merits of his case. Nelson v. Miller, 373 F.2d 474, 477 (3 Cir. 1967).

■ Plaintiff has here shown to the satisfaction of the Court that irreparable harm will result to him unless a stay is granted. Although the Court believes

that some harm to the public interest would result from the granting of the preliminary injunction sought, the Court believes that this is outweighed by the harm which will result to the petitioner from denial of the application and, on balance, would be inclined to grant the relief sought if plaintiff had demonstrated a likelihood that he will prevail on the merits of his case. The Court concludes, however, that there is little, if any, likelihood of plaintiff's ultimate success and, accordingly, declines plaintiff's application. Charles Simkin & Sons v. Massiah, 289 F.2d 26 (3 Cir. 1961). The Court's conclusion with respect to the fourth criteria results from its finding (1) that plaintiff's first challenge to the validity of the induction order has been considered and rejected by the Court of Appeals for the Third Circuit, (2) that this Court has no jurisdiction to entertain plaintiff's second challenge, and (3) that the alleged irregularities which provide the basis for plaintiff's third challenge, if true, would not justify the ultimate relief here sought.

I.

The applicable regulation, 32 C.F.R. § 1625.2, prescribes:

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control."

Reopening has important consequences. It rescinds the outstanding classification and entitles the registrant to be classified anew. 32 C.F.R. § 1625.-11. When the new classification is issued, the registrant has the same rights to personal appearance and appeal as upon his initial classification. 32 C.F.R. § 1625.13. If the board refuses to reopen, neither of these rights is accorded.

Plaintiff argues that this regulation, as construed by the Supreme Court in Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362 (1970) requires that:

"* * * '[w]here a registrant makes nonfrivolous allegations of facts that have not been previously considered by his Board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the Board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file.' * * * *"

It seems to the Court, however, that this argument was held by the United States Court of Appeals for the Third Circuit in Scott v. Commanding Officer, 431 F.2d 1132 (1970), to be without merit in the context of an application for reopening filed after an induction order has been issued. The Court there distinguished the Mulloy case as follows:

"The request for reopening in Mulloy, however, came prior to the issuance of an induction order, while petitioner's was made after he had been

ordered to report for induction. In post-induction-order requests for reopening, the following proviso to 32 C.F.R. § 1625.2 is also applicable:

'Provided * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board *first specifically finds* there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.' (emphasis added)" 431 F.2d at 1135.

The Court in the *Scott* case then went on to outline the proper procedure for a post-induction-order claim for conscientious objector status. It observed as follows:

"Initially, we point out that the regulation is quite explicit in requiring that before the local board may reopen after an induction order has been issued there must be (1) a prima facie showing of entitlement to a new classification; (2) a specific finding of a 'change in the registrant's status' since the induction order; and (3) a specific finding that this change resulted from circumstances over which the registrant had no control. Thus, a local board's denial of a post-induction-order reopening claim cannot generally be upset on judicial review if the court determines that no prima facie case for a new classification was made out, or that a negative board finding on (2) and/or (3) above had a basis in fact." 431 F.2d at 1135.

The Court went on to hold (1) that "beliefs of conscience are always beyond one's control", (2) that upon being presented with a post-induction-order, prima facie conscientious objector claim the local board must make a factual finding as to the existence or nonexist-

ence of a conscientious objection both before and after the notice, reopening only upon a finding that there was "no conscientious objection before but conscientious objection after", and (3) that "it is essential to the validity of an order to report that the board state its basis of decision and the reasons therefor, i.e., whether it has found the registrant incredible, or insincere, or of bad faith and why".

In reaching these conclusions, the Court in the *Scott* case expressly recognized that the requirement in § 1625.2 of a "specific finding of a 'change in the registrant's status' since the induction order" necessarily "required the local board to decide the merits of petitioner's conscientious objector claim as a part of its decision whether to reopen" and that the regulations provided "for no administrative appeals from such decisions", citing Paszel v. Laird, 426 F.2d 1169 (2 Cir. 1970); United States v. Bowen, 421 F.2d 193, 197 (4 Cir. 1970); Scott v. Commanding Officer, *supra*, 431 F.2d p. 1134, note 1. The Court nevertheless adopted Judge Friendly's conclusion in the *Paszel* case and found that the post-induction-order segment of Section 1625.2 as so construed was valid and not in conflict with the holding in the *Mulloy* case.[1]

While plaintiff's primary argument is that Section 1625.2 of the Regulations should not be applied as this Court concludes it was applied in the *Scott* case, inherent in the plaintiff's argument is an attack on the validity of the post-induction-order segment of Section 1625.2 as so applied. As this Court reads Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); and Bucher v. Selective Service System, 421 F.2d 24 (3

---

1. The District Court in the *Paszel* case adopted the view which plaintiff here presses and held that, upon presentation of a prima facie case for reclassification as I–O, the local board is without discretion to deny reopening. Its ruling was reversed by the Second Circuit Court of Appeals and a reading of the *Scott* case indicated that the Third Circuit Court of Appeals would reach an identical result.

Cir. 1970), it is not deprived of jurisdiction to consider that challenge by Section 10(b) (3) of the Selective Service Act of 1967, 50 U.S.C. § 460(b) (3). The Court will, accordingly, entertain this phase of this action. In view of the *Scott* decision, however, this Court is unable to conclude that there is a likelihood of plaintiff's ultimate success on this segment of his case.

## II.

Plaintiff's second contention is not devoid of appeal. While the board's conclusion of insincerity would support its refusal to reopen, the reasons assigned for the board's conclusion might well be held legally insufficient in a post-induction review of the board's determination. The board's memorandum consists primarily of a critique of plaintiff's quotations from assorted literature which he asserts accurately reflect his current beliefs. This critique does not, in this Court's judgment, provide a rational basis for the board's conclusion of insincerity, since the accuracy of plaintiff's interpretation of this literature and the validity of the views therein expressed do not, at least in the context of this plaintiff's utilization of these sources, adversely reflect on the sincerity of plaintiff's subjective beliefs. Indeed,

the board's memorandum cites only one factor which, in this Court's judgment, might properly be considered by the board as relevant to the issue before it.[2] For the reasons hereinafter stated, however the Court does not reach the question of whether this factor would be sufficient by itself to support the board's conclusion [3] or whether the character of the memorandum as a whole would require a court in a post-induction review to invalidate the induction order.[4]

Section 10(b) (3) of the Military Service Act of 1967, 81 Stat. 104, 50 U.S.C. App. § 460(b) (3), deprives this Court of jurisdiction to judicially review, prior to induction, the "classification and processing" of a registrant, subject to the stated statutory exceptions which are not presently applicable.[5]

In Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), the Supreme Court rejected a literal reading of Section 10(b) (3) and held that it did not bar pre-induction judicial review where the question presented is whether the procedure of the local board lacked statutory authorization and/or violated the registrant's

---

2. One of the reasons assigned for the board's conclusion was stated as follows: " * * * In this same paragraph [of the application] he admits his views and feelings on serving in the Military did not come into clear focus until he received his induction notice. Accepting his own statement in previous paragraphs as to his extensive religious contacts and activities it seems almost incredible an induction notice would be necessary to generate in the mind a clear belief in Conscientious Objection to Military Service."

3. Compare Capobianco v. Laird, 424 F.2d 1304 (2 Cir. 1970).

4. A finding of insincerity is necessarily based upon the cumulative effect of circumstantial evidence. In view of the fact that the board assigned a number of irrelevant reasons and found the asserted effect of the induction notice only "almost incredible", it is difficult to say whether the board would have reached

the same conclusion if it had considered only relevant factors.

5. "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided*, that such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant." The reference to "such review" in the "proviso" clause apparently means post induction review. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968).

constitutional rights. As previously noted, it is on the basis of these cases that the Court concludes it is entitled to pass upon the plaintiff's first attack in this suit.

On the same day that the Supreme Court decided the *Oestereich* case, however, it also decided Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968). In that case the Court held that Section 10(b) (3) did bar pre-induction judicial review of a local board's allegedly erroneous determination of a registrant's status as a conscientious objector. In that case, the registrant claimed that the rejection of his claim to conscientious objector classification was "improper on the grounds that it had no basis in fact, that the Board had misapplied the statutory definition of conscientious objector, and that the members of the Board were improperly motivated by hostility and bias against those who claimed to be conscientious objectors". 393 U.S. at p. 257, 89 S.Ct. at p. 425. In reversing the District Court's determination that it had jurisdiction to entertain these challenges, the Supreme Court distinguished the *Oestereich* case as follows:

> "In Oestereich the delinquency procedure by which the registrant was reclassified was without statutory basis and in conflict with petitioner's rights explicitly established by the statute and not dependent upon an act of judgment by the board. Oestereich, as a divinity student, was by statute unconditionally entitled to exemption. Here, by contrast, there is no doubt of the board's statutory authority to take action which appellee challenges, and that action inescapably involves a determination of fact and an exercise of judgment. By statute, classification as a conscientious objec-

tor is expressly conditioned on the registrant's claim being 'sustained by the local board.' 50 U.S.C. App. § 456(j) (1964 ed., Supp. III).

\* \* \* \* \* \*

We find no constitutional objection to Congress' thus requiring that assertion of a conscientious objector's claims such as those advanced by appellee be deferred until after induction, if that is the course he chooses, whereupon habeas corpus would be an available remedy, or until defense of the criminal prosecution which would follow should he press his objections to his classification to the point of refusing to submit to induction. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Falbo v. United States, 320 U.S. 549, 64 S. Ct. 346, 88 L.Ed. 305 (1944)." 393 U. S. at pp. 258, 259, 89 S.Ct. at p. 426.[6]

Here, the plaintiff's attack on the board's memorandum seems analogous to the registrant's attack upon the board action in the *Clark* case. The issue which the board decided, while it arose in a context different from that of the *Clark* case, was nevertheless one involving "a determination of fact and an exercise of judgment" and was one which, under the *Scott* decision, the board had jurisdiction and a duty to decide. If the board's conclusion is improper, it is only because it considered matters not legally relevant or because its conclusion had no basis in fact. Under these circumstances, the *Clark* case mandates a holding that this Court is without jurisdiction to entertain plaintiff's second attack.

The Court finds nothing in Hunt v. Local Board No. 197, Docket No. 18076, 3 Cir., Mar. 24, 1970 (Opinion subsequently withdrawn and case reargued before the court en banc), or Wiener v. Local Board No. 4, 302 F.Supp. 266

---

6. Subsequently, in the *Mulloy* case, the Supreme Court suggested that habeas corpus may not be a feasible remedy for a conscientious objector since induction may be inconsistent with his religious and moral beliefs. Not all of those claiming this status have so felt, however,

and a writ of habeas corpus has been found to be appropriate relief in procedurally comparable cases. *E. g.*, Capobianco v. Laird, 424 F.2d 1304 (2 Cir. 1970); Paszel v. Laird, 426 F.2d 1169 (2 Cir. 1970); Scott v. Commanding Officer, 431 F.2d 1132 (3 Cir. 1970).

(D. Del. 1969) which is inconsistent with the conclusion here reached. That conclusion may be inconsistent with the result reached in Lane v. Local Board No. 17, 315 F.Supp. 1355 (D. Mass. 1970), which is relied upon heavily by the plaintiff, but any such inconsistency results, in this Court's judgment, from a disagreement between the Court in the *Lane* case and the Court in the *Scott* case about the applicability of Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1969) in the context of a post-induction-order application for reopening of a classification. After discussing the *Oestereich* and *Clark* cases, Judge Garrity cncluded as follows:

"* * * Thus, jurisdiction to entertain a particular pre-induction claim depends on whether the Board's action is challenged as lawless because without statutory basis as in Oestereich, supra, and Breen v. Selective Service Local Board, 1970, 396 U.S. 460, 90 S. Ct. 661, 24 L.Ed.2d 653, or simply as improper because an erroneous determination of a matter over which the Board has authority to decide as in Clark v. Gabriel, supra. See Bowen v. Hershey, 1 Cir., 1969, 410 F.2d 962; Hunt v. Local Board No. 197, 3 Cir., 1970, 423 F.2d 576.

In light of Mulloy v. United States, supra, it is clear that a draft board does not have authority to refuse to reopen a registrant's file upon presentation of a prima facie case for reclassification. Since we hold, for reasons given below, that this is the law even as to requests for reclassification as a conscientious objector filed after a notice to report for induction, and since Local Board No. 17 may have refused to reopen Lane's file despite awareness that he had presented a prima facie claim, then § 10(b) (3) is no bar to an injunction preventing his induction at least until the Board makes clear that its refusal to reopen his file is based on a determination within its authority to make." 315 F.Supp. at pp. 1358, 1359.

Accepting Judge Garrity's reading of the *Mulloy* case, his conclusion on the jurisdictional issue may be the correct one. As previously noted, however, the Court in *Scott* sustained the post-induction-notice application segment of Section 1625.2 of the regulations and held that a local board upon receiving a post-induction-notice application setting forth a prima facie showing of entitlement to a new classification may not reopen the classification unless it makes a factual determination that there was "no conscientious objection before but conscientious objection after". Accepting the view stated in the *Scott* case, as this Court must, this segment of plaintiff's case presents a situation analogous to that before the Supreme Court in the *Clark* case and this Court must, accordingly, decline jurisdiction.

## III.

Finally, plaintiff asserts that his induction would be illegal because the board did not send him a copy of its memorandum and because the Chairman of Local Board No. 89, in a telephone conversation, erroneously informed plaintiff that if the board declined his application, he would be able to appeal to "the State Board". As previously noted, the Court concludes that plaintiff has little likelihood of success in connection with either of these arguments. A copy of the board's memorandum was placed in a file to which plaintiff had access under the regulations and he could have ascertained the reasons for the board's decision after being notified of it if he had chosen to do so. The Court presently finds no basis for concluding that delivery of a copy of the memorandum to plaintiff was required by the statute, by the regulations or by the Constitution.

Under the existing law of this Circuit, plaintiff was not entitled to a personal appearance, hearing and appeal unless and until his classification was reopened. This Court cannot see that plaintiff was materially prejudiced by being erroneously informed that he

would have an appeal. If, in fact, plaintiff's failure to take advantage of the opportunity to appear before the board in an interview was related to this erroneous advice, the Court does not believe that plaintiff's reliance was justified. Plaintiff had an obligation to put before Local Board No. 89 everything he wished its members to consider in connection with his application whether or not he had an appeal from their determination.[7]

An order will be entered after consultation with counsel.

## OPINION AND ORDER

Plaintiff has duly moved, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, for an order granting an injunction pending appeal from this Court's Order of December 29, 1970, dismissing plaintiff's second cause of action and denying his application for a preliminary injunction. The injunction sought would stay the effect of an order of Selective Service Local Board No. 5 in the State of Delaware directing plaintiff to report for induction on December 30, 1970 and would prohibit plaintiff's induction pending final disposition of the appeal which plaintiff intends to file.

Entertaining the views expressed in its Opinion of December 29, 1970, as to necessary implications of Scott v. Commanding Officer, 431 F.2d 1132 (3 Cir. 1970), this Court does not feel justified in granting the relief which plaintiff's motion seeks. The questions raised by plaintiff's motion for a preliminary injunction, particularly the question of this Court's jurisdiction over plaintiff's second cause of action, are not frivolous, however, and plaintiff has a great deal at stake in these proceedings. To deny all relief and require plaintiff to seek an order from the Court of Appeals or a Judge thereof prior to tomorrow morning's induction time would place an onerous burden on plaintiff, his counsel and the Court of Appeals. For these reasons, the Court believes that plaintiff should be afforded a reasonable opportunity to apply to the Court of Appeals or a Judge thereof for an injunction pending appeal.

Accordingly, it is ordered that implementation of the order requiring plaintiff to report for induction on December 30, 1970, is stayed, and defendants are enjoined from inducting plaintiff, until such time as the United States Court of Appeals for the Third Circuit or a Judge thereof shall have entered an order on plaintiff's application for an injunction pending appeal, provided, however, that this order shall automatically expire on January 12, 1971, unless plaintiff, on or before that date, shall have caused his appeal to be docketed and shall have filed a motion, pursuant to Rule 8 of the Rules of the United States Court of Appeals for the Third Circuit, for an injunction during the pendency of the appeal.

7. Plaintiff does not, and cannot, assert that he failed to appear because he would have an opportunity to appear before the Appeal Board. 32 C.F.R. § 1626.24. In a letter of August 18, 1970 to the Chairman of Local Board No. 89, plaintiff asked for a second continuance of the interview date, referred to travel expense he would incur if he attended the then scheduled interview, and explained his position, as follows:
"If the Board feels that my appeal can be decided with reasonable ease and certainty one way or the other without such an appearance, then I need not unnecessarily add to your work by making a personal appearance.

I have already presented all the facts of my case and my position remains the same. My appearance would not be for the purpose of bombarding the Board with additional material or a summary of my application. It would be to answer any questions they might have and to further indicate the honesty and sincerity of my application.

However, if the Board feels there is little else they can learn from speaking to me personally, as you indicated has been the case in a substantial number of other C.O. appearances, I will merely thank you for your initial postponement and await the decision of the Board."