**John D. FALLON, Plaintiff,**

v.

**SELECTIVE SERVICE SYSTEM, LOCAL BOARD, #11, GREENFIELD, MASSACHUSETTS, John C. Carr, Jr., Director of Selective Service, State of Massachusetts, Col. Clinton Knutson, Director of Selective Service, State of Wisconsin, Curtis Tarr, National Director, Selective Service System, Selective Service System Transfer Board, Dane County, Wis., Defendants.**

No. 70–C–315.

United States District Court, W. D. Wisconsin.

Feb. 5, 1971.

**990**

Michael J. Wyngaard, Madison, Wis., for plaintiff.

John O. Olson, U. S. Atty., James R. Mack, Asst. U. S. Atty., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for declaratory and injunctive relief. Plaintiff contends that his local draft board improperly refused to reopen his classification to consider his conscientious objector claim, which claim was presented to the board after it had ordered plaintiff to report for induction. On November 6, 1970, a hearing was held on plaintiff's application for a temporary restraining order prohibiting his induction. That same day, the court entered an opinion and order granting plaintiff temporary relief. Upon order of the court, briefs were submitted by the parties and a further hearing was had on November 13, 1970, on the question of whether the temporary restraining order should remain in effect. The sole question now before the court is whether the temporary restraining order entered herein should be vacated and set aside.

For the purpose of deciding the question now before the court, and for that purpose only, I make the following findings of fact. On April 7, 1970, plaintiff requested an occupational deferment. His local board reopened his classification and denied this request. This denial was affirmed by the Appeal Board by a vote of three to nothing. On August 13, 1970, defendant's local board mailed to him SSS Form 110 (notifying him that his appeal had been denied) together with an order to report for induction. On August 21, 1970, he requested the Special Form for Conscientious Objectors (SSS Form 150) from his local board and advised the board that he was a conscientious objector. On September 21, 1970, Form 150 and supporting papers were submitted to the local board. Plaintiff's Form 150 specifically alleges that his conscientious objector views

crystallized after issuance of the induction order and that this crystallization was a circumstance over which he had no control. Several of the letters of reference, submitted to the local board with Form 150, support his allegation of "late crystallization" and his selective service file contains no evidence which might refute this claim. On September 14, 1970, the executive secretary of plaintiff's local board wrote him, stating in part that "[u]pon filing a Form 150, this office will invite you in for a 'courtesy hearing,' in order that you may discuss your situation * * * with the Local Board." On September 29, 1970, she wrote to plaintiff advising him that no courtesy interview would be granted. The board's minutes of action (SSS Form 99) contain an entry dated October 13, 1970 which reads:

"Cover sheet for registrant reviewed by local board; classification not reopened at this time, the reason being the board did not find there had been a change in the registrant's status—due to circumstances beyond his control."

On October 20, 1970, the executive secretary wrote plaintiff stating, in part:

"This local board has reviewed your file, and have voted not to reopen your classification. The Board did not find that there had been a change in your status due to circumstances beyond your control."

The same letter further directed plaintiff to report for induction on November 10, 1970.

If plaintiff is ordered to report for induction, he must either submit to induction (in violation of the beliefs he asserts) or refuse induction and subject himself to a criminal prosecution. I find and conclude that this will subject plaintiff to irreparable harm.

█  When a registrant seeks reclassification before he has been mailed an order to report for induction, his local board must reopen his classification if it is presented with facts not considered when the registrant was classified and

which facts, if true, would justify a change in his classification. 32 C.F.R. § 1625.2. If no new facts are presented or the facts presented would not justify a change in classification even if true, then the board need not reopen. 32 C. F.R. § 1625.4.

When a request for reopening is made subsequent to the issuance of an order to report for induction, Selective Service regulations provide, in pertinent part, that:

"[T]he classification of a registrant shall not be reopened after the local board has mailed to the registrant an Order to Report for Induction * * * unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 C. F.R. § 1625.2.

█ When the Board refuses to reopen a classification, the registrant has no right to a personal appearance or an appeal. When the Board does reopen, it must reclassify and then, even if the registrant is placed in the same classification as before, the new classification allows a right of personal appearance before the local board and the right of an administrative appeal from the Board's decision, 32 C.F.R. § 1625.13. Because a refusal to reopen denies a registrant an opportunity for an administrative appeal from the rejection of his claim, an improper refusal wrongfully deprives him of an essential procedural right. *Cf.* Mulloy v. United States, 398 U. S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

█ In the circumstances of this case, there are various grounds upon which a Board may have been authorized to refuse to reopen; for example, if the registrant's beliefs ripened prior to the induction order, see United States v. Stafford, 389 F.2d 215 (2d Cir. 1968); or if the claim is plainly incredible or insufficient on its face to warrant

the classification sought or conclusively refuted by other information in the file, see Mulloy v. United States, *supra,* at 418 n. 7, 90 S.Ct. 1766, 26 L.Ed.2d 362.[1]

██ On the other hand, there are at least two situations in which the Board is not authorized to refuse to reopen. The Board may not make an evaluative determination adverse to the registrant's claim on the merits and on this basis refuse to reopen, Mulloy v. United States, *supra.* This is true even though it can then be said that the Board did not find that there had been a change in the registrant's status due to circumstances beyond his control. See Lane v. Local Board No. 17, 315 F.Supp. 1355 (D.Mass.1970). Likewise the Board may not refuse to reopen because it concludes as a matter of law that conscientious objector claims which mature subsequent to the issuance of an induction order are within the registrant's control. United States v. Nordlof, No. 18051 (7th Cir. January 5, 1971). In either case, I believe that a board which so acts can be said to have acted in a "blatantly lawless manner" within the meaning of Oestereich v. Selective Service System, 393 U.S. 233, 238, 89 S.Ct. 414, 21 L. Ed.2d 402 (1969) so that pre-induction judicial review is available to him. This is because plaintiff's challenge does not deal with "the numerous discretionary, factual, and mixed law-fact determinations which a Selective Service Board must make prior to issuing an order to report for induction," Oestereich v. Selective Service System, *supra,* at 240, 89 S.Ct. at 417 (Harlan, J. concurring). At stake here are the procedures underlying the manner in which such determinations are made.

█ In this case, plaintiff's selective service file indicates that Local Board No. 11 may have refused to reopen despite awareness that he had presented a prima facie claim of conscientious objection maturing after the issuance of his induction order. I believe that plaintiff

---

1. I express no view on the question whether there can be pre-induction review of these determinations by a local board.

has a reasonably good chance to prevail on the contention that where a board refuses to reopen and does not explain its inaction to that minimal extent necessary to enable a court to determine that it did not act in a blatantly lawless manner, the registrant is denied procedural due process. Moreover, if this contention ultimately prevails, I believe the board can be said to have acted in a "blatantly lawless manner" within the meaning of *Oestereich*. If not, then blatantly lawless action by a local board can be shielded from preinduction judicial review if the actual procedure of the board is sufficiently obfuscated, or simply not stated, and the registrant can be thereby "deprive[d]  *  *  *  of his liberty without the prior opportunity to present to *any* competent forum— agency or court—his substantial claim *  *  *," Oestereich v. Selective Service System, *supra* at 243, 89 S.Ct. at 419 (Harlan, J., concurring).

■ The government has provided this court with the following affidavit.

"I certify that I am Chairman of Local Board #11, Greenfield, Massachusetts, of which Mr. John D. Fallon, SS No. 19–11–45–255, is a registrant; that the Local Board interpreted Mr. Fallon's statement filed in support of his claim as indicating that his Conscientious Objector's views existed prior to the issuance of the order for his induction and, therefore, determined there was no change in his status due to circumstances over which he had no control."

The affidavit was executed by the Chairman of Local Board No. 11 on November 9, 1970, three days after the original temporary restraining order entered herein and while Mr. Fallon's Selective Service file was in the custody of this court. It does not indicate whether the chairman was a member of that quorum of the Local Board which voted not to reopen Mr. Fallon's classification. While the affidavit sets forth the Chairman's view of what the Board did, it provides no aid to this court in determining the procedures actually followed by the Board. Therefore, I need not decide the serious question of whether the Selective Service System may support its action by presenting evidence outside the registrant's file in a judicial proceeding where the registrant may be confined to evidence within his file.

■ I conclude that plaintiff is entitled to a temporary restraining order prohibiting his induction into the Armed Services at least until the Board makes clear that its refusal to reopen his file is based upon a determination within its authority to make. See Lane v. Local Board No. 17, 315 F.Supp. 1355 (D. Mass.1970). The temporary restraining order originally entered herein is modified to read as follows:

It is hereby ordered that the defendants, their agents, and all persons in active concert and participation with them, are restrained from initiating, proceeding with, permitting, cooperating with, or in any way ordering the induction of the plaintiff into the Armed Forces of the United States, unless Local Board No. 11 first decides either that plaintiff's beliefs matured prior to the mailing of his induction order, on August 13, 1970, or that his claim does not present a prima facie case warranting consideration on the merits. Failing either of these determinations the defendants are enjoined from inducting Fallon until after the Board has reopened his classification and afforded him the procedural rights that follow such reopening.

I have directed the Clerk of Court to return the plaintiff's selective service file to an authorized agent of the Selective Service System upon request.