**UNITED STATES of America ex rel. George H. HARTMAN on behalf of Pvt. (E-1) Bruce B. Reynolds, Appellant,**

v.

**Melvin LAIRD, Secretary of Defense, Stanley R. Resor, Secretary of the Army and Capt. James E. Conner, USACE Company.**

No. 18516.

United States Court of Appeals, Third Circuit.

Argued Feb. 4, 1971.

Decided May 26, 1971.

George H. Hartman, Koozman & Hartman, New York City, for appellant.

Carolyn E. Arch, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for appellees.

Before McLAUGHLIN and VAN DUSEN, Circuit Judges, and HANNUM, District Judge.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This is an appeal from a district court order denying a petition for a writ of habeas corpus filed on behalf of a registrant after he had been inducted into the Army.[1]

Registrant was classified II-S by his local board from October 1963 until June 1968 while he was an undergraduate at college. Subsequent to his graduation, on June 12, 1968, registrant was reclassified I-A. Then registrant requested and was granted a personal appearance, at which he asked that his classification be changed to III-A (extreme hardship). This request was rejected, as was registrant's appeal to the State Appeal Board which affirmed the local board's decision on January 16, 1969. On January 27, 1969, registrant was sent an order to report for induction on February 6, 1969. During the appeal process, registrant had entered graduate school and, after receiving the induction notice, he asked the board to postpone his induction until after he completed one year of graduate school. Acceding to his request, the board notified registrant that his induction date was now postponed until June 11, 1969. Cf. 32 C.F.R. § 1632.2(d).

On June 6, 1969, registrant notified the board that he had signed a contract to teach fifth grade in Paterson, New Jersey. He requested the board to

1. The United States District Court for the District of New Jersey entered its opinion and order after a hearing, during which the registrant's Selective Service file, as well as other exhibits, were received in evidence. United States ex rel. Hartman on behalf of Reynolds v. Laird (C.A. No. 1017–69, filed Dec. 5, 1969).

grant him an occupational deferment (II-A). The request was filed by the clerk of the local board, but apparently was never considered by the board.

On June 10, 1969, registrant wrote the local board stating that he had become a conscientious objector, requesting that he be furnished a special form for conscientious objectors, and asking that his order to report for induction be cancelled.[2] The letter was received by the board on June 11. On June 11, 1969, registrant reported to the induction center, handed to the center personnel his written answer to a facsimile special form (SSS 150) for conscientious objectors, and stated to them that he would not take the oath. The personnel at the induction center called the clerk of the local board, who advised them that registrant's claim would not be considered by the board. Subsequently on June 11, registrant took the oath and was inducted into the Army. On August 26, 1969, this petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 et seq., requesting that he be released from the United States Army.

Since the registrant's application for classification as a conscientious objector was made after he had received an induction order and stated in June (after the date of mailing the notice of the induction order) that "I have come to realize that I do conscientiously object to all forms of military activity," the applicable regulation [3] "barred presentation to the local board of" this conscientious objector claim. See Ehlert v. United States, 402 U.S. 99, at p. 108, 91 S.Ct. 1319, at p. 1325, 28 L.Ed.2d 625 (1971).[4] The Supreme Court has pointed out in *Ehlert* that Army Regulation 635–20 permits a registrant "whose conscientious objection has crystallized between notice and induction" to present his claim after induction and "that there thus exists no possibility that late crystallizers will find themselves without a forum in which to present their claims". (page 1322).

Also, we find registrant's claims concerning an occupational deferment

---

2. The letter stated:

Sirs:

In full and deep conscience, I have come to realize that I do conscientiously object to all forms of military activity and to the induction of citizens to the support of such activity.

Therefore, in all respect, I shall do the following:

1) I request that a Selective Service System Form 150 be sent to me, that I might file a formal copy with the Board.

2) In lieu of my now possessing such form I shall submit on June 11, 1969, to the officer in charge of the Newark induction center a complete listing of my responses to the questions of Form 150 as found in a sample copy.

3) I ask the Board to cancel the standing Order to Report for Induction, and inform the Board that I am obliged to refuse induction on June 11, 1969.

Sincerely,
Bruce B. Reynolds

3. 32 C.F.R. § 1625.2 provides:

The local board may reopen and consider anew the classification of a regis-trant * * * upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when a registrant was classified which, if true, would justify a change in the registrant's classification; * * * *provided the classification * * * of a registrant shall not be reopened after the local board has mailed to such registrant an order to report for induction * * * unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.* (Emphasis added.)

4. Prior to *Ehlert*, we had recognized that a change in belief can be a "change in status" and had stated that there must be "a 'material' or 'substantial' post-induction-order change in beliefs before the board may reopen under the regulation." See Scott v. Commanding Officer, 431 F.2d 1132, 1136 (3d Cir. 1970). Neither the letter of June 10 nor the written document alleges any such substantial or material change in beliefs.

without merit, since this court has clearly held that the acceptance of a teaching contract does not represent a change of status resulting from circumstances over which a registrant had no control. Clark v. Volatile, 427 F.2d 7, 10–11 (3d Cir. 1970).

We have considered and rejected the other contentions of the registrant since we find them without merit.[5]

In view of the record in this case, the judgment of the district court will be affirmed.

5. For example, the fact that the clerk rather than the board declined to give a ruling in registrant's favor when the induction center personnel telephoned that he was making a claim of conscientious objector status did not prejudice registrant, since if the local board had met at that moment it would not have been able to give him relief on the record then in its file. *See* United States v. Thompson, 431 F.2d 1265 (3d Cir. 1970); United States v. Bellmer, 404 F.2d 132, 135 n. 6 (3d Cir. 1968). We note that the registrant was a college graduate who had taken courses at the graduate level and had had several contacts with the Selective Service System. The district court used this language in its opinion:

This petitioner cannot be considered untutored. He possesses the advantage of an education not enjoyed by a great majority of those subject to the Selective Service Act. He has also had previous experience in dealing with his local board in exhausting many applications for deferment. Therefore, it seems fair to assume that the petitioner has a sufficient knowledge of the Selective Service law's operation. * * *