**Michael CORBO, Jr., Appellant,**

v.

**SELECTIVE SERVICE SYSTEM, LOCAL BOARD #15 FOR NEW JERSEY.**

**No. 19278.**

United States Court of Appeals, Third Circuit.

Argued Sept. 13, 1971.

Decided Oct. 14, 1971.

As Amended Nov. 4, 1971.

Arnold C. Friedman, Irvington, N. J., for appellant.

William D. Appler, Dept. of Justice, Washington, D. C. (L. Patrick Gray, III, Asst. Atty. Gen., Frederick B. Lacey, U. S. Atty., Morton Hollander, Reed Johnston, Jr., Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before STALEY, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The issue here is whether on the facts presented, and consistent with Section 10(b) (3) of the Selective Service Act of 1967, 50 U.S.C. App. § 460(b) (3) (Supp. VI, 1970), the District Court erred when it dismissed the complaint filed by the appellant, Michael Corbo, Jr. We hold that it did not and, therefore, affirm the judgment.

In March, 1968, Corbo was classified II-A because of his status as an elementary school teacher. In March, 1969, he was reclassified I-A. Despite a personal appearance before Local Board No. 15 and an appeal to the State Appeal Board, he remained in the I-A classification. On September 15, 1969. Corbo was ordered to report for induction on October 6, 1969. At his urging, the Local Board, by letter dated September 24, granted Corbo a sixty-day postponement of his induction pursuant to 32 C.F.R. § 1632.2. Corbo was notified on December 30, 1969 that, "In view of the expiration of [his] postponement of induction," he was to report on the 19th of January, 1970. Both Corbo and the principal of his school then sent letters to the Board requesting an additional delay until the end of the school year. This request was apparently forwarded to the State Selective Service Director and granted by him.

By letter dated June 19, 1970—the end of the school year—Corbo informed his Local Board that he desired reclassification as a conscientious objector, and a personal appearance before the Board. Thereafter, on June 30, Corbo received another notice advising that the postponement had expired and ordering him to report for induction on July 14, 1970. The Board considered Corbo's Form 150 on July 8th, and informed Corbo the following day that it chose not to reopen his case.

On the day before he was ordered to report, Corbo filed a Complaint and an Order to Show Cause seeking injunctive relief. The District Court dismissed the Complaint, but granted a stay of his induction pending the outcome of this appeal.

The District Court had no jurisdiction to entertain Corbo's suit under 50 U.S.C. App. § 460(b) (3) (Supp. VI, 1970) unless the allegations of the complaint showed the Local Board's action to have been a clear departure from its statutory mandate in a "blatantly lawless manner." Oestereich v. Selective Service System, 393 U.S. 233, 238, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). See Steiner v. Officer in Command, 436 F.2d 687, 688–690 (5th Cir. 1970). Corbo argues that by failing to send him a notice of expiration of postpone-

ment within 60 days of October 6, 1969, and by failing to reopen his classification in July, 1970 when presented with a prima facie case of conscientious objection, the Board acted in such a way that the District Court had jurisdiction to hear the injunctive action.

The latter claim has been answered by Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). There the Supreme Court held that the Local Board was correct in refusing to reopen the classification of Ehlert when presented with a prima facie case of conscientious objection which crystalized subsequent to the receipt of a notice of induction. Following the rationale of *Ehlert*, this Circuit reached the same result in United States v. El, 443 F.2d 925 (3d Cir. 1971). Since the Board's action in Corbo's situation was clearly lawful, Section 10(b) (3) prohibits judicial review at the present time.

Corbo's first claim is also not of the type to vest a federal court with jurisdiction at this point in the induction process. Although, according to 32 C. F.R. § 1632.2, the Board's postponement of induction may not exceed 60 days, and here the notification of expiration of postponement was not sent until one month after the 60-day period, the proper forms were used by the Board notifying the registrant that, "It is your continuous duty to report for induction at such time and place as may hereafter be fixed by this local board." The accompanying letter states that "this does not cancel your order to report, but merely delays the date of your delivery for induction." At no time did Corbo request the Board to order his induction sooner than it did. This case is not similar to Liese v. Local Board, 314 F.Supp. 521 (E.D. Mo. 1970), where the postponement was oral, none of the proper procedures were followed by the Board, and the registrant was in a state of limbo for a number of months before being told to report for induction. Rather, Corbo's situation seems more analogous to United States v. Sturgis, 342 F.2d 328 (3d Cir.) cert. denied 382 U.S.

879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965), and United States v. Lawson, 337 F.2d 800 (3d Cir. 1964), cert. denied 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804 (1965). In *Sturgis* and *Lawson*, this Court held that registrants may not take advantage of minor procedural irregularities in their orders to report for induction.

In light of the above, the District Court was correct in dismissing Corbo's complaint, and its judgment will therefore, be affirmed.