William Lane BABCOCK, Jr., Appellant,

v.

LOCAL BOARD NO. 5 FOR the STATE OF DELAWARE SELECTIVE SERVICE SYSTEM, Composed of Howard F. Dobson, Chairman, et al.

No. 71–1026.

United States Court of Appeals,
Third Circuit.

Argued Dec. 17, 1971.

Decided Feb. 23, 1972.

Alfred J. Lindh, Taylor, Lindh, Paul & Biden, Wilmington, Del., for appellant.

John G. Abramo, Asst. U. S. Atty., Wilmington, Del. (F. L. Peter Stone, U. S. Atty. by Norman Levine, Asst. U. S. Atty., on brief), for appellees.

Before BIGGS, VAN DUSEN and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant William Babcock, a registrant under the Selective Service Act of 1967, 50 App. U.S.C. §§ 451–461 (Supp. IV 1969), filed a verified complaint in the District Court seeking to require the reopening of his Selective Service classification as well as an order preventing his induction into the Army until after reopening was granted. On December 29, 1970, the District Court denied his motion for a preliminary injunction and dismissed the complaint for "lack of federal jurisdiction" pursuant to Section 10(b) (3) of the Selective Service Act.[1] 321 F.Supp. 1017.

In June of 1969, after completing his undergraduate studies, appellant was

1. 50 App. U.S.C. § 460(b) (3) reads in pertinent part:

No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction, . . . Provided, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant.

re-classified I–A by Louisiana Local Board 89. Although ordered to report for induction in December of that year, the order was postponed by a series of subsequent notices until the issuance of an order requiring him to report for induction on December 4, 1970.[2]

In June of 1970 after receipt of the initial induction order and during the period of postponement, appellant submitted Selective Service Form 150 to Local Board 89, setting forth what the District Court characterized as a *prima facie* case for conscientious objector classification, and requested that his file be reopened. The Local Board invited Babcock to attend two "courtesy interviews"[3] to discuss his request for reopening. Babcock declined, apparently being unable to afford the expenses involved in travelling from his place of employment in Maine to Louisiana.[4] At a subsequent meeting the Board refused to reopen appellant's classification.

 Section 10(b) (3) bars federal jurisdiction unless the registrant can show that the Local Board acted clearly contradictory to its statutory mandate in a "blatantly lawless manner." Oestereich v. Selective Service System, 393 U. S. 233, 238, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Babcock contends that the Board was required to reopen his classification when confronted with a *prima facie* case for conscientious objector status and its failure to do so was sufficient reason to allow the District Court to hear the injunctive action.

In Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), the Supreme Court held that the pertinent Selective Service regulation[5] "barred presentation" of a late crystallizing conscientious objector claim after an induction order had been mailed. The Court stated:

"The [Selective Service] System needs and has the power to make reasonable timeliness rules for the presentation of claims to exemption from service.
. . .

"The only unconditional right conferred by statute upon conscientious objectors is exemption from *combatant* training and service. . . . Consequently, requiring those whose conscientious objection has not crystallized until after their induction notices to present their claims after induction would work no deprivation of statutory rights, so long as the claimants were not subjected to combatant training or service until their claims had been acted upon.

"That those whose views are late in crystallizing can be required to wait, however, does not mean they can be deprived of a full and fair opportunity to present the merits of their conscientious objector claims for consideration under the same substantive criteria that must guide the Selective Service System. . . . A system in which such persons could present their claims after induction, with the assurance of no combatant training or service before opportunity for a ruling on the merits, would be wholly consistent with the conscientious objector statute." [Footnotes omitted.] 402 U.S. at 102–103, 91 S.Ct. at 1322.

2. Jurisdiction over appellant had by this time been transferred to Delaware Local Board 5 for induction purposes.

3. There is a distinction, of course, between a "courtesy interview" and a personal appearance required after reopening. *See* Mulloy v. United States, 398 U.S. 410, 415, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

4. Appellant also contends that he thought the trip was unnecessary since the Chairman of Local Board 89 allegedly informed him in a telephone conversation that he would be entitled to an appeal if the Board's decision was unfavorable.

5. 32 C.F.R. § 1625.2 (1971) provides in relevant part:
 "[T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction . . . or an Order to Report for Civilian Work and Statement of Employer . . . unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

■■ This Court has followed *Ehlert* on a number of occasions. United States ex rel. Hartman v. Laird, 443 F. 2d 366 (3rd Cir. 1971); Morgan v. Melchar, 442 F.2d 1082, 1087–1089 (3rd Cir. 1971); United States v. El, 443 F.2d 925 (3rd Cir. 1971); Corbo v. Selective Service System, Local Board # 15 for New Jersey, 450 F.2d 42, 44 (3rd Cir. 1971). Local Board 89's actions were lawful and Section 10(b) (3) bars judicial review at this time.[6]

The District Court was correct in dismissing the complaint and its judgment will therefore be affirmed.

---

6. Appellant's contention that Local Board 89's action constituted a *de facto* reopening entitling him to a personal appearance and appeal can be considered should he file a habeas corpus petition pursuant to 28 U.S.C. § 2241. *Cf.* Morgan v.

Melchar, *supra*, 442 F.2d at 1087–1088 n. 19.